

2007 Decisions

Opinions of the United States Court of Appeals for the Third Circuit

9-21-2007

# Widjaja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Widjaja v. Atty Gen USA" (2007). *2007 Decisions.* Paper 403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2493

AGUS SUSANTO WIDJAJA;
WONG MIE TJENG,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA Nos. A96-263-211 and A96-263-212)
Immigration Judge: Honorable Miriam K. Mills

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2007

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: September 21, 2007)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Petitioner Agus Susanto Widjaja arrived in the United States in December 1998 with a non-immigrant visitor visa. Petitioner Wong Mie Tjeng, Widjaja's wife, arrived in

the United States in July 2000, also with a non-immigrant visitor visa. After petitioners remained beyond the six-month period allowed by their visas, the government instituted removal proceedings against them. Widjaja then sought asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*., and protection under the United Nations Convention Against Torture ("CAT"). Tjeng did not file her own application for asylum or withholding of removal, but sought asylum based solely on her status as Widjaja's wife. *See* 8 U.S.C. § 1158(b)(3).

The Immigration Judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") adopted and affirmed the decision of the IJ, granting petitioners' request for voluntary departure under the INA. The BIA agreed with the IJ that Widjaja's asylum application was time-barred as it was not filed within one year after his arrival in the United States, and he had not established changed circumstances affecting his eligibility or extraordinary circumstances directly related to the failure to meet the one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(D). The BIA also agreed that Widjaja failed to establish his eligibility for withholding of removal or protection under the CAT, and that Tjeng's derivative claim for asylum was properly denied based on the denial of Widjaja's claim. Petitioners now seek review of the denial of Widjaja's claims for asylum and withholding of removal and the denial of Tjeng's derivative claim for asylum.[1] For the

---

[1] In his petition for review, Widjaja also mentions his CAT claim, but does not raise the argument in his brief. Thus, he has waived that issue. *See, e.g.*, *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 192 (3d Cir. 2005).

reasons that follow, we will dismiss in part and deny in part the petition for review.

**I.**

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA adopted the findings of the IJ and discussed some of the bases for the IJ's decision, we review the orders of the BIA and the IJ for substantial evidence. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

Petitioners first seek review of the denial of Widjaja's asylum claim and Tjeng's derivative claim for asylum. The BIA affirmed the denial of these claims on the ground that Widjaja's asylum application was time-barred, as it was not filed within one year after his arrival in the United States, and he had not established changed circumstances affecting his eligibility or extraordinary circumstances directly related to the failure to meet the one-year deadlines. Petitioners do not challenge the finding that Widjaja's asylum application was filed more than one year after his arrival in the United States and we lack jurisdiction under 8 U.S.C. § 1158(a)(3) to review the determination that Widjaja failed to demonstrate circumstances excusing his untimely application. *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). We therefore dismiss this portion of the petition for review.

Widjaja also seeks review of the denial of his application for withholding of removal. To qualify for withholding of removal, Widjaja had to show a "clear probability" that he would be persecuted on account of his race, religion, nationality, membership in a particular social group, or political opinion if he returned to the

proposed country of removal. *INS v. Stevic*, 467 U.S. 407, 413 (1984). Widjaja is a Chinese Christian and a citizen of Indonesia who entered the United States because, he claims, he was traumatized by conditions in Indonesia and fears that he will be killed if he returns. Widjaja testified that his store was destroyed in 1995, and he was regularly forced to give money to native Indonesians.[2] Widjaja also argued that there is evidence of a pattern and practice of persecution against the Chinese in Indonesia, thus he has a well-founded fear of persecution. However, he testified that his children remain in Indonesia without suffering any harm.

Although the loss of his store and the alleged demands for money are unfortunate, we agree that Widjaja has not presented evidence of past harassment that rises to the level of persecution; instead that he claims that he suffered "emotional trauma" as a result of the 1998 riots. He has presented no evidence that he will be personally targeted for persecution upon return. Furthermore, our Court has not held that there is a pattern or practice of persecuting Chinese Christians in Indonesia. While we have recognized that there is a problem with religious violence in Indonesia, we have held that circumstances do not compel the conclusion that there is a pattern and practice of persecution against Chinese Christians in Indonesia. *See Lie v. Ashcroft*, 396 F.3d 530, 537-38 (3d Cir. 2005). Additionally, "when family members remain in petitioner's native country

---

[2] In his petition for review, Widjaja claims that he closed his store in 1998 after rioters wrote anti-Chinese slogans on the walls. His petition also mentions that he had problems as a child because he was Chinese, and his wife was once "robbed and hurt" on her way home from their store by native Indonesians that she recognized from their neighborhood.

without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a well-founded fear of future persecution is diminished." *Id.* at 537. We conclude that the denial of Widjaja's claim for withholding of removal is supported by substantial evidence.

II.

Accordingly, we will dismiss in part and deny in part the petition for review.